IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-362-BO-KS

| | |
|---|---|
| DAVID BRUNO ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MARTIN O'MALLEY, ) | |
| *Commissioner of Social Security,* ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's complaint seeking review of the final decision of the Commissioner of Social Security and entry of judgment in his favor. [DE 1]. Plaintiff filed a brief pursuant to the Supplemental Rules for Social Security, [DE 10], and defendant filed a motion to remand [DE 14], which plaintiff opposes [DE 15]. A hearing was held before the undersigned on June 28, 2024, at Raleigh, North Carolina and the matters are ripe for ruling. For the reasons discussed herein, the Commissioner's decision is reversed, defendant's motion to remand is denied, and the matter is remanded for an award of benefits.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. [DE 1, 10]. Plaintiff filed his application on January 21, 2021. [DE 10]. After initial denials, an administrative ("ALJ") held a hearing on plaintiff's applications on May 5, 2022. Tr. 78-122. Then, on May 25, 2022, the ALJ issued an unfavorable decision on plaintiff's application. Tr. 142-57. Plaintiff subsequently appealed the ALJ's decision to the Appeals Council ("AC"), which remanded the matter for further proceedings on July 7, 2022. Tr. 162-66. On November 17, 2022, the ALJ held a second hearing on plaintiff's applications, and on

January 11, 2023, the ALJ issued a second unfavorable decision. Tr. 20-36. Plaintiff then sought review from the AC, which denied his claim. Tr. 6-9. Thereafter, plaintiff timely requested this Court review the agency's denial of his application. [DE 1].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment or combination of impairments meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his or her past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he or she is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff satisfies the insured status requirements through December 31, 2025, and that plaintiff has not engaged "in substantial gainful activity since" his alleged onset date, April 1, 2020. Tr. 26. At step two, the ALJ determined that through the date of the ALJ's decision, the plaintiff had the following severe impairments: "disorders or muscle, ligament, and fascia of the left shoulder; obesity; sleep apnea; and asthma (20 CFR 404.1520(c))." Tr. 26. The ALJ further recognized plaintiff's non-severe impairments including "degenerative disc disease" and "mental impairments of depression and anxiety." Tr. 26. At step three, however, the ALJ concluded that none of plaintiff's severe impairments or combination of impairments (both severe and non-severe) met or medically equaled the severity of one of the listed impairments. Tr. 27. Then, at step four, the ALJ found that plaintiff had the RFC "to perform less than the full range of light work," including past relevant work as a procurement services

3

director. Tr. 28-35. Accordingly, the ALJ determined plaintiff was not disabled from April 1, 2020, through the date of the ALJ's decision. Tr. 35.

Before the ALJ, plaintiff testified that he has trouble reaching overhead. Tr. 55. In addition, plaintiff testified that he cannot lift his left arm past his chin. Tr. 65. Plaintiff explained that he can only raise it so far before he experiences "a block." Tr. 65. Further, plaintiff submitted documentation indicating that he has difficulty reaching overhead, and that it is painful for him to do so. Tr. 805, 1178.

While the ALJ summarized the record evidence, the ALJ committed error by failing to reconcile the competing testimonies from each VE at plaintiff's hearings. Tr. 72-73, 117-18. More specifically, the ALJ did not explain how plaintiff, who is limited to occasional overhead reaching, would be able to participate in his past relevant work, which requires frequent overhead reaching. [DE 10 at 6-8]. *See Monroe v. Calvin*, 826 F.3d 176, 190 (4th Cir. 2016) (stating that "the ALJ [did] not indicate how any of the facts he cited show" that plaintiff can perform the required functions of the RFC). Nowhere does the ALJ explain how he decided which of the VE's testimony to believe and which to discredit. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (stating that "the ALJ never explained how he could conclude—*based on this evidence*—that [plaintiff] could actually perform the tasks required by 'medium work'" and finding that "[t]he ALJ therefore failed to build an 'accurate and logical bridge' from the evidence he recounted to his conclusion") (emphasis in original). This was not a harmless error; rather, as the VE testified at plaintiff's May 5, 2022 hearing, the calculation of frequency of position change can be outcome-determinative. Tr. 117-18. Indeed, as the first VE explained, if plaintiff is in fact limited to occasional overhead reaching, he does not have the RFC to perform his past relevant work as a procurement services director. Tr. 118.

4

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

In the present case, the Court concludes that substantial evidence does not support the ALJ's conclusion that plaintiff, who is limited to occasional overhead reaching, can perform his past relevant work. Because the ALJ has twice considered plaintiff's ability to reach overhead, the Court concludes that remand for a third consideration would "serve no purpose." *Breeden*, 493 F.2d at 1012.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that substantial evidence does not support the ALJ's decision. Therefore, the Commissioner's motion for remand is DENIED, the decision of the Commissioner is REVERSED, and the matter is remanded for an award of benefits in accordance with the foregoing.

SO ORDERED, this **23** day of August 2024.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE